# IN THE DISTRICT COURT OF LEFLORE COUNTY
## STATE OF OKLAHOMA

**CHRISTOPHER PETERSON**

**Plaintiff,**

**VS.**

CASE NO.: ~~CV~~ 2019-

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF LEFLORE, a political**
**subdivision of the State of Oklahoma;**
**KENDALL MORGAN** *personally and*
*in his official capacity*;
**TYLER RAGAN** *personally*
*and  in his official capacity.*
**SHERIFF ROB SEALE,**
*and  in his official capacity.*



F I L E D

MAY 15 2019

MELBA L. HALL, COURT CLERK
STATE OF OKLA.-LEFLORE COUNTY

**Defendant(s)**

## PETITION

**COMES NOW**, The Plaintiff, CHRISTOPHER PETERSON by and through his

Attorney, Gary R. Buckles, and for their cause of action against the Defendant, Board of County

Commissioners of Leflore County, a political subdivision of the State of Oklahoma, Kendall

Morgan *personally and in his official capacity*; Tyler Ragan *personally  and  in his official*

*capacity* and Sheriff Rob Seale in his official capacity, state and alleges as follows:

## PARTIES

1.    Plaintiff Christopher Peterson is an individual and a resident of Leflore County,

Oklahoma.

2.    Defendant Board of County Commissioners of Leflore County (hereafter

EXHIBIT
**2**

"BOCC") is a statutorily-created governmental entity. The Oklahoma Governmental Tort Claims Act (hereafter "GTCA") required that suits instituted pursuant to its provisions "shall name as defendant the stat or the political subdivision against which liability is sought to be established,: and that "[i]n no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant." Okla. Stat. Tit. 51 § 163©. Thus, BOCC is clearly a proper governmental party to Plaintiffs' claims brought under the GTCA. *See* Okla. State. Tit 19, § 4.

3.     Defendant, Kendall Morgan ("Morgan") is a resident of LeFlore County, State of Oklahoma. Morgan was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as an employee or agent of the Leflore County Sheriff's Office (hereafter "LCSO").

4.     Defendant, Tyler Ragan ("Ragan") is a resident of LeFlore County, State of Oklahoma. Morgan was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as an employee or agent of the LCSO.

5.     Defendant, Sheriff Rob Seale ("Sheriff")is sued in his office capacity as the Sheriff of LeFlore County and Supervisor of the LCSO.  Upon information and belief, Defendant Sheriff was al all times herein a resident of the State of Oklahoma.  Furthermore, Defendant Sheriff was at all times acting within the scope and/or duty of employment as the Sheriff and Supervisor of LCSO.

## JURISDICTION AND VENUE

6.     The court has jurisdiction over this matter pursuant to the Governmental Tort Claims Act, 51 O.S. § 151 et. seq. Plaintiff filed a notice of a claim against the Leflore County Sheriff's Office by letter dated September 4, 2018  No action was taken by defendant(s) to admit or deny this claim.

Further, the acts complained of herein occurred in LeFlore County, Oklahoma, which is also the residence of the the Defendants. Jurisdiction and venue are thus proper

## FACTUAL BACKGROUND

Page 2 of  9

7.      On May 14, 2018 the Leflore County Sheriff's office arrested and detained Christopher Peterson for a warrant that was issued against the Defendant.

8.      On May 18, 2018 the Plaintiff was charged with Escape from arrest of detention, obstructing an officer, Possession of CDS, and transporting opened container in case number CF-2018-205.

9.      On the 14th day of May, 2018, after the Plaintiff was arrested and placed in hand cuffs after which the Plaintiff was wrongfully hit in the face and beaten by Kendall Morgan and Tyler Ragan, who were, at all times acting in good faith as officers of Leflore County Sheriff's department. The beating of Mr. Peterson was unlawful and without cause, and Mr. Peterson suffered severe injuries due to the Deputies unlawful beating.

10.     At the time of the assault, Plaintiff was: 1) unarmed; 2) handcuffed; 3) not fleeing custody; 3) not resisting; and 4) not posing a threat to himself, Defendants, or anyone else.

11.     Upon bring brought into the detention center the detention center nurse ordered the Plaintiff to be taken to Eastern Oklahoma Medical Center for treatment.

12.     Plaintiff spent the next several hours at the emergency room of the Easter Oklahoma Medical Center under the custody of the LCSO.

13.     Due to this unlawful and unwarranted beating the Plaintiff has suffered severe physical injuries to his head and face, and has also suffered emotional and mental pain and anguish.

14.     At the time of the assault, Defendants Morgan and Ragan were acting under the color of State law and withing the scope of their employment with the LeFlore County Sheriff's Office.

15.     Plaintiff was brutally assaulted by Morgan and Ragan of the LeFlore County, Oklahoma in violation of his constitutionally protected rights and common law tort principals.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

Oklahoma Constitutional Claim

16.     Plaintiff adopts and incorporates herein paragraphs 1 through 15 above as if more fully stated out herein and would further allege and state as follows:

17.     Plaintiff has a right to be free from cruel and unusual punishment, as provided by Okla. Const. Art. 2 §9.  Defendant's Morgan and Ragan's brutal actions constitute cruel and unusual punishment.

18.     Upon information and belief, the Oklahoma Constitution allows recovery if the person's right to be free from cruel and unusual punishment is violated.

19.     Plaintiff has been deprived of his Constitutional right  by the actions of Defendants as outlined in this Petition.

## SECOND CAUSE OF ACTION

## EXCESSIVE USE OF FORCE

## (Fourth and/or Fourteenth Amendment)

20.     Paragraph 1-19 are incorporated herein by reference.

21.     At the time of the complained of events, Mr. Peterson, as a free person, had a clearly established constitutional right under the Fourth and/or Fourteenth Amendment to be secure in his person and free from objectively unreasonable seizure through excessive force to injure him and his bodily integrity.

22.     Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

23.     In the totality of the circumstances, at the time that the violent force as used

by the Defendant Morgan and Ragan, Mr Peterson was: 1) unarmed; 2) handcuffed; 3) not fleeing; and 4) posed no threat to himself, the Defendants, or anyone else.

24.     The use of violent force by Defendants Morgan and Ragan under the circumstances described herein was excessive and objectively unreasonable.

25.     Defendants Morgan and Ragan applied objectively unreasonable and excessive physical force on the Plaintiff Peterson, thereby causing him serious bodily injuries, as well as mental pain and anguish.

26.     The use of force, as described herein, also involved reckless, callous, and deliberate indifference to Mr. Peterson's protected rights.

27.     As a direct proximate result of the Defendants' unlawful conduct, Mr. Peterson suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitled him to recover compensatory and special damages in amounts to be determined at trial.

28.     Plaintiff is entitled to punitive damages on his claims as Defendants' conduct, acts and omissions alleged here in constitute reckless or callous indifference to Mr. Peterson's protected rights.

### THIRD CAUSE OF ACTION

### ASSAULT AND BATTERY

### (BOCC)

29. Paragraphs 1-28 are incorporated herein by reference.

30. In Oklahoma, battery is defined as "any willful and unlawful use of force or violence upon the person of another." 21 O.S. § 642.  An individual is liable for battery if "(a) the acts intended to cause a harmful or offensive contact with the person of the other or a third person, or

an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Brown v. Ford*, 905 P.2d 223, 229 n. 34 (Okla.1995) (overruled on other grounds) (quoting Restatement (Second) of Torts § 13).

31. Similarly, in Oklahoma assault is defined as " any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another" 21 O.S. § 641. Any individual is liable for assault if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Id. (Quoting Restatement (Second) of Torts § 21),

32. Such claims are subject to additional requirements when asserted as against a law enforcement officer. Under Okla. Stat. Tit. 21, § 643(1), "When necessarily committed by a public officer in the performance of any legal duty, or by any other person assisting such officer or acting by such officer's direction;

33.    "An officer's use of force is not 'necessarily committed' where such a force is excessive or unreasonable." Payne v. Myers, 2015 WL 5775188, at *11 (N.D. Okla., Sept. 30, 2015).

34. Here, Defendants Morgan and Ragan's use of force on Peterson was intentional, offensive, unnecessary, excessive, unreasonable and harmful.

35. At the time of the complained of events, Mr. Peterson, was: 1) unarmed; 2) handcuffed; 3) not fleeing; and 4) posed no threat to himself, the Defendants, or anyone else.

36. In the totality on the circumstances, at the time Morgan and Ragan began to use force against the Plaintiff be was unarmed and handcuffed. Because Peterson did not pose any immediate threat and was not actively resisting arrest when the assault began, Morgan and Ragan had no reasonable basis to employ any force on Peterson. Under the circumstances, Defendants' actions, including hitting the Plaintiff with a closed fist and kicking the Plaintiff in the face while handcuffed, clearly constitute unnecessary and excessive use of force.

37. Defendants' assault on the Plaintiff resulted in a violation of Plaintiff's rights causing

him bodily injury, as well as mental pain and anguish.

38. As a direct proximate result of the Defendants' unlawful conduct, Peterson suffered actual physical inquires, mental and physical pain and suffering and other damages and losses as described herein entitling Peterson to recover compensatory and special damages in amount to be determined at trial.

39. When Defendants' Morgan and Ragan assaulted and battered Peterson, they were acting within the scope of their employment. More particularly, Defendants' acts were "incident to ... service[s] being performed for [their] employer or ar[ose] out of an emotional response to actions being taken for the employer." *Rodebush v. Oklahoma* Nursing Homes, Ltd., 1993 OK 160, 867 P.2c 1241, 1245.

40. Thus, the Defendant BOCC is vicariously liable for Defendants Morgan and Ragan's conduct.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

41. Paragraphs 1-40 are incorporated herein by reference.

42. In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous." *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't*, 230 P.3d 869, 878 (Okla. 2010)

43. Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, "a police officer has special dispensation from the duty of ordinary care not to endanger others." *Id.* 880.

44. In particular, "[a] police officer's duty ... is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Id.*

45.     Here, Defendants owed a duty to Peterson to use only such force in securing his cooperation as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the incident.

46.     Defendant's Morgan and Ragan violated and breached that duty by using objectively unreasonable excessive force as described herein.

47. As a direct proximate result of the Defendants' negligence, Peterson suffered actual physical inquires, mental and physical pain and suffering and other damages and losses as described herein entitling Peterson to recover compensatory and special damages in amount to be determined at trial.

48. At all pertinent times, Defendants Morgan and Ragan were acting within the scope of their employment and BOCC is vicariously liable for their negligent use of excessive force.

49. That based upon the conduct set forth above, Defendant [Sheriff] negligently entrusted Defendants Morgan and Ragan.

50. Defendants [Sheriff and BOCC] failed to provide, implement, and/or enforce proper procedures, which could have prevented Plaintiff's harm.

51. Defendants [Sheriff and BOCC] placed Plaintiff in the care, supervision, and control of Defendant [Morgan and Ragan], thus placing Plaintiff in a position to be harmed.

### FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

52.     Plaintiff adopts and incorporates herein paragraphs 1 through 51 above, as if more fully stated out herein, and would further allege and state as follows:

53.     Defendant Morgan and Ragan's intentional and reckless conduct, while in the course and scope of employment and/or while acting as an agent of the Leflore County Sheriff's Department, caused, among other things, severe emotional distress, including, but not limited to, anguish, worry, stress, embarrassment, anxiety, physical discomfort, grief, anger, disappointment,

and humiliation.

54.     For the aforesaid reasons, Defendant Morgan and Ragan's actions, while in the course and scope of employment and/or while acting as an agent of Leflore County Sheriff's department, were so extreme, outrageous, and offensive as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

## PUNITIVE DAMAGES

55      Plaintiff re-alleges and incorporated by reference paragraphs 1 through 49, as though fully set forth herein.

56.     Plaintiff is entitled to punitive damages on his claims as Defendant's (Morgan and Ragan only) conduct, acts, and omissions alleged herein constituted reckless or callous indifference to Plaintiff's rights.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing, Plaintiff prays this Court grant him the relief sought, including but not limited to actual, compensatory and punitive damages in excess of Seventy-Five Thousand Dollard ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

Dated this 5 day of May 2019

GARY R. BUCKLES, OBA#12588

P.O. Box 771

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED

Poteau, Oklahoma 74953

PH: 918-647-3667

ATTORNEY FOR PLAINTIFF