**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) CHRISTOPHER PETERSON,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>(1) BOARD OF COUNTY  )<br>COMMISSIONERS OF LEFLORE  )<br>COUNTY, OKLAHOMA,  )<br>(2) KENDALL MORGAN,  )<br>(3) JASON TIMMS,  )<br>(4) TYLER RAGAN, and  )<br>(5) LEFLORE COUNTY SHERIFF,  )<br>In His Official Capacity,  )<br>  )<br>  Defendants.  ) | Case No.: 19-CV-376-RAW<br><br>JURY TRIAL DEMANDED<br><br>ATTORNEY'S LIEN CLAIMED |

## AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, Christopher Peterson, and for his Amended Complaint against the above-named Defendants, states and alleges as follows:

1. Plaintiff Christopher Peterson is an individual and a citizen of the State of Oklahoma.

2. Defendant Board of County Commissioners of LeFlore County ("BOCC") is a statutorily-created governmental entity. The Oklahoma Governmental Tort Claims Act ("GTCA") requires that suits instituted pursuant to its provisions "shall name as defendant the state or the political subdivision against which liability is sought to be established," and that "[i]n no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant." Okla. Stat. tit. 51, § 163(C). Thus, BOCC is clearly a proper governmental party to Plaintiff's claims brought under the GTCA. *See* Okla. Stat. tit. 19, § 4.

3. Defendant Kendall Morgan ("Undersheriff Morgan") or ("Morgan") is a resident of LeFlore County, State of Oklahoma. Morgan was, at all times relevant hereto, acting under

1

color of state law, and in the scope of his employment, as an appointed official, employee and/or agent of the LeFlore County Sheriff's Office ("LCSO").

4. Defendant Tyler Ragan ("Ragan") was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as an employee or agent of LCSO.

5. Defendant Jason Timms ("Timms") was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as an employee or agent of LCSO.

6. Defendant LeFlore County Sheriff is sued purely in his official capacity. It is well-established, as a matter of Tenth Circuit authority, that a § 1983 claim against a county sheriff in his official capacity "is the same as bringing a suit against the county." *Martinez v. Beggs,* 563 F.3d 1082, 1091 (10th Cir. 2009). *See also Porro v. Barnes,* 624 F.3d 1322, 1328 (10th Cir. 2010); *Bame v. Iron Cnty.,* 566 F. App'x 731, 737 (10th Cir. 2014). Thus, in suing the LeFlore County Sheriff in his official capacity, Plaintiff has brought suit against the County/LCSO.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343 to secure protection of and to redress deprivations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under the color of law.

8. This Court also has original jurisdiction under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth Amendment and the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2

9. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since claims form part of the same case or controversy arising under the United State Constitution and federal law.[1]

10. The acts complained of herein occurred in LeFlore County, Oklahoma. Jurisdiction and venue are thus proper under 28 U.S.C. §§ 116(a) and 1391(b).

## FACTUAL BACKGROUND

■ **Facts Specific to Plaintiff**

11. On or about May 10, 2018, a warrant was issued for Plaintiff's arrest after he escaped from a traffic stop and ran away on foot.

12. After the warrant was issued, LCSO deputies, including Morgan and Ragan, obtained information that Plaintiff was staying at a friend's house in Poteau, Oklahoma.

13. On May 14, 2018, Morgan, Ragan and Timms, along with LCSO Deputies Andrew Bevil and Cody Edwards, went to the residence in Poteau to arrest Plaintiff.

14. As the deputies approached the residence, they found Plaintiff sitting in a chair on the back porch. One or more of the Deputies yelled out at Plaintiff, "Sheriff's Department!" Deputy Edward commanded Plaintiff to get his hands up and get on the ground.

15. Plaintiff immediately surrendered and complied with the commands by putting his hands up, dropping to his knees and then putting his hands behind his head.

16. Plaintiff was clearly unarmed, and none of the Deputies believed Plaintiff was armed.

---

[1] Plaintiff submitted a notice of a claim, pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et. seq.*, to Leflore County by letter dated September 4, 2018. No action was taken by Defendants to admit or deny this claim, and Plaintiff then timely filed the initial Petition in this matter.

17. At the point that Plaintiff had clearly surrendered and was in a helpless and defenseless position on his knees, Timms tackled Plaintiff to the ground.

18. At no time did Mr. Peterson resist, attempt to flee or pose any threat to the Deputies, or anyone else.

19. After Plaintiff had been tackled to the ground and subdued, without any justification, Morgan battered Plaintiff in his face with a closed fist and/or his elbow.

20. After Plaintiff was placed in handcuffs or otherwise subdued, Ragan struck Plaintiff in the ribs with his knee and/or fist several times.

21. The assault of Mr. Peterson was unlawful and without cause, and Mr. Peterson suffered severe injuries due to the Deputies' unconstitutional use of violent force.

22. At the time of the assault, Plaintiff was: 1) unarmed; 2) handcuffed or otherwise subdued; 3) not fleeing custody; 3) not resisting; and 4) not posing a threat to himself, Defendants, or anyone else.

23. The violent force used by Timms, Morgan and Ragan was excessive and objectively unreasonable.

24. After the assault, Lieutenant Donnie Edwards observed that Peterson was bleeding from his face and that his eye was swollen shut. Peterson also had blood on his forehead. the Jail's nurse would not medically clear Plaintiff for booking because of his injuries. Lieutenant Edwards informed Morgan and Ragan that Plaintiff needed to be taken to the hospital.

25. Plaintiff was taken to Eastern Oklahoma Medical Center for treatment. Plaintiff was emergently treated at the Eastern Oklahoma Medical Center under the custody of the LCSO.

26. Due to this unlawful and unwarranted beating, Plaintiff suffered physical injuries to his head, face and ribs (broken ribs) and has also suffered extensive emotional and mental pain and anguish.

27. At the time of the assault, Defendants Morgan, Ragan and Timms were acting under the color of state law and within the scope of their employment with the LeFlore County Sheriff's Office.

28. Plaintiff was assaulted by Morgan, Ragan and Timms in violation of his constitutionally protected rights and common law tort principals.

- **A County Policy or Custom**

29. There is an affirmative link between the aforementioned excessive force utilized by Morgan, Ragan and Timms and policies, practices and/or customs which the LeFlore County Sheriff promulgated, created, implemented and/or possessed responsibility for.

30. By the time that violent and excessive force was used on Plaintiff, as alleged herein, there was an established, widespread and unabated pattern and custom of excessive use of force by LCSO personnel generally, and Morgan, in particular.

31. Following is a summary of other instances of excessive use of force by Morgan.

32. On June 27, 2015, in LeFlore County, Undersheriff Morgan struck citizen Chad Osterhout in the face with a flashlight, causing significant injury to Mr. Osterhout. At the time that Morgan hit Osterhout, he was unarmed, was not fleeing or resisting and had his hands up in the air. Morgan then forcibly kicked or kneed Mr. Osterhout in the ribs, more than once, when he was subdued, on the ground and in handcuffs. Osterhout subsequently brought suit against Morgan for excessive use of force. In October of 2019, a federal jury returned a verdict of $3 million in compensatory damages and $1 million in punitive damages in favor of Osterhout and against Morgan.

33. On or about April 11, 2016, citizen Andrew Pohl was being detained by law enforcement officers, including Morgan, at his residence in Spiro, Leflore County, Oklahoma. Pohl was on the front porch and was handcuffed behind his back. While Pohl was handcuffed and

posing no threat, Morgan "head-butted" Pohl in the nose. It is believed that this unwarranted and objectively unreasonable "head-butt" broke Pohl's nose.

34. On or about January 27, 2017, citizen Doyle Potter was arrested at a residence located near Spiro, Leflore County, Oklahoma. Potter was handcuffed behind his back. After Potter was handcuffed, Morgan began interrogating Potter. Potter was voluntarily talking to Morgan and answering his questions. Similar to the incident involving Pohl, while Potter was handcuffed and defenseless, Morgan used his head to "head-butt" Potter in the face at least 5 times. It is believed Potter's nose was broken and he was bleeding from his nose and mouth.

35. On or about July 26, 2017, citizen Joseph Woodard was arrested at a residence in Poteau, Leflore County, Oklahoma. Woodard was handcuffed behind his back. Undersheriff Morgan walked Woodward to a patrol vehicle and had Woodard sit in the back seat. While Woodard was handcuffed in the back seat of a patrol vehicle, Morgan hit Woodward in the face at least two times. The second blow broke Woodward's nose.

36. On or about December 27, 2017, citizen John Albert was arrested near Poteau, Leflore County, Oklahoma. Albert was handcuffed behind his back. While Albert was handcuffed, Undersheriff Morgan "head-butted" Albert in the face, breaking his nose.

37. On or about April 23, 2018, citizen Richard Tackett was being detained at his residence located near Spiro, Leflore County, Oklahoma. Tackett was handcuffed behind his back and was put inside the back seat of a patrol vehicle. Consistent with his pattern of blatantly unconstitutional misconduct, Undersheriff Morgan grabbed the defenseless Tackett around the throat two separate times, choking Tackett to the point that he lost consciousness both times.

38. This is a clear and disturbing pattern of violent, excessive and objectively unreasonable use of force by the LeFlore County Undersheriff tantamount to a custom.

39. These prior instances of excessive force put the LeFlore County Sheriff/LCSO on notice that continued unconstitutional conduct was probable and that LCSO personnel, including Morgan, were inadequately trained and/ or supervised with respect to the use of force.

40. The LeFlore County Sheriff/LCSO knew, must have known or should have known that, due to the established custom of excessive force and obviously inadequate training and supervision, that unconstitutional excessive use of force by LCSO personnel, including Morgan, was probable, but failed to take reasonable measure to alleviate the risk of harm.

## CAUSES OF ACTION

### CLAIM I
### EXCESSIVE USE OF FORCE
### (Fourth and/or Fourteenth Amendment; 42 U.S.C. § 1983)

■ **Individual Liability and Underlying Violation**

41. Paragraphs 1-40 are incorporated herein by reference.

42. At the time of the complained of events, Mr. Peterson, as a free person, had a clearly established constitutional right under the Fourth and/or Fourteenth Amendment to be secure in his person and free from objectively unreasonable seizure through excessive force to injure him and his bodily integrity.

43. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

44. In the totality of the circumstances, at the time that the violent force as used by Defendants Morgan, Ragan and Timms, Mr. Peterson was: 1) unarmed; 2) not fleeing; 3) not resisting; and 4) posed no threat to himself, the Defendants, or anyone else.

45. The use of violent force by Defendant Morgan under the circumstances described herein was excessive and objectively unreasonable.

7

46. The use of violent force by Defendant Ragan under the circumstances described herein was excessive and objectively unreasonable.

47. The use of violent force by Defendant Timms under the circumstances described herein was excessive and objectively unreasonable.

48. Defendant Morgan applied objectively unreasonable and excessive physical force on Plaintiff, thereby causing him serious bodily injures, as well as mental pain and anguish.

49. Defendant Ragan applied objectively unreasonable and excessive physical force on Plaintiff, thereby causing him serious bodily injures, as well as mental pain and anguish.

50. Defendant Timms applied objectively unreasonable and excessive physical force on Plaintiff, thereby causing him serious bodily injures, as well as mental pain and anguish.

51. As a direct proximate result of Defendants' unlawful conduct, Mr. Peterson suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling him to recover compensatory and special damages in amounts to be determined at trial.

- **Official Capacity / Municipal Liability (LeFlore County Sheriff)**

52. Paragraphs 1-51 are incorporated herein by reference.

53. The aforementioned acts of excessive force by Morgan, Ragan and Timms against Plaintiff are causally connected with customs, practices, and policies which the LeFlore County Sheriff/LCSO/LeFlore County promulgated, created, implemented and/or possessed responsibility for.

54. Such policies, customs and/or practices are specifically set forth in paragraphs 29-40, *supra.*

55. The LeFlore County Sheriff/LCSO/LeFlore County, through its continued encouragement, ratification, approval and/or maintenance of the aforementioned policies,

customs, and/or practices; in spite of their known and obvious inadequacies and dangers; has been deliberately indifferent to citizens', including Mr. Peterson's, health and safety.

56. As a direct and proximate result of the aforementioned customs, policies, and/or practices, Mr. Peterson suffered injuries and damages as alleged herein.

## CLAIM II

## NEGLIGENT USE OF EXCESSIVE FORCE
## (BOCC)

57. Paragraphs 1 to 56 are incorporated herein by reference.

58. In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous." *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't,* 230 P.3d 869, 878 (Okla. 2010).

59. Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, "a police officer has a special dispensation from the duty of ordinary care not to endanger others." *Morales,* 230 P.3d at 880.

60. In particular, "[a] police officer's duty … is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Id.*

61. Here, Defendants Morgan and Ragan owed a duty to Mr. Peterson to use only such force in securing his cooperation as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the incident.

62. Defendants Morgan and Ragan violated and breached that duty by using objectively unreasonable and excessive force as described herein.

63. As a direct proximate result of Morgan and Ragan's negligence, Peterson suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling Peterson to recover compensatory and special damages in amounts to be determined at trial.

64. At all pertinent times, Defendants Morgan and Ragan were acting within the scope of their employment and BOCC is vicariously liable for their negligent use of excessive force.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant him the relief sought, including but not limited to actual and compensatory in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

Respectfully submitted,

/s/Daniel E. Smolen
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

***Attorneys for Plaintiff***

10

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 19th day of February 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

                     /s/Daniel E. Smolen